UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FORSTECH TECHNICAL NIGERIA LIMITED *and* CHIDI ADABANYA, *as the Lead Consultant in Forstech Technical Nigeria Limited*,

                              Plaintiffs,

-v-

THE SHELL PETROLEUM DEVELOPMENT COMPANY OF NIGERIA LIMITED (SPDC), OKECHUKWU NOEL ELECHI, *as Project Manager/Facilities & Field Logistics Base Projects, Gbaran Ubie Integrated Oil and Gas Project, and* OSAGIE OKUNBOR, *as Managing Director, the Shell Petroleum Development Company of Nigeria Limited*,

                              Defendants.

24 Civ. 7629 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

      Plaintiffs Forstech Technical Nigeria Limited, a limited liability company focused on construction contracting, and Chidi Adabanya (collectively, "Forstech"), bring this action against defendants The Shell Petroleum Development Company of Nigeria Limited, a joint venture supplying oil and gas to domestic and export markets, Okechukwu Noel Elechi, and Osagie Okunbor (collectively, "SPDC"). Forstech purports to allege violations of the Alien Tort Claims Act, 28 U.S.C. § 1350,[1] arising from SPDC's refusal to pay Forstech processing fees, which it claims it was due under agreements between it and the Government of Bayelsa State of Nigeria

---

[1] The Alien Tort Claims Act, also known as the Alien Tort Statute, "is a jurisdictional statute creating no new causes of action." *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 635 (2021) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004)). It grants federal courts jurisdiction "to hear claims brought 'by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.'" *Id.* (quoting 28 U.S.C. § 1350).

1

("Bayelsa State"), a non-party. It alleges that SPDC paid Bayelsa State directly, which, as pled, constituted a bribe that tortiously interfered with Forstech's contract with Bayelsa State.

Forstech moves to dismiss the AC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), insufficient service of process under Rule 12(b)(5), failure to state a claim under Rule 12(b)(6), and failure to join a necessary party under Rule 12(b)(7). For the reasons set forth below, the Court grants the motion to dismiss for lack of personal jurisdiction. The Court therefore does not reach SPDC's other arguments for dismissal.

I.  **Background**[2]

   A.  **Factual Background**

       1.  **The Parties**

Forstech is a limited liability company incorporated in Nigeria that principally provides construction consulting services.[3] AC ¶¶ 4, 11. Adabanya is Forstech's lead consultant and executive officer. *Id.* ¶ 5.

SPDC, incorporated and registered in Nigeria, is a joint venture primarily between the Shell Oil Company and the Nigerian National Petroleum Company. *Id.* ¶¶ 6–7. It develops oil and gas processing facilities and exports those resources to domestic and international markets.

---

[2] The following account is drawn from the facts as alleged in the AC, Dkt. 10, and the parties' submissions on SPDC's pending motion to dismiss, Dkt. 5. These include SPDC's memorandum of law, Dkt. 6 ("Def. Mem."); Forstech's opposition, Dkt. 13 ("Pl. Opp.") and SPDC's reply, Dkt. 16 ("Def. Reply").

[3] The AC does not allege the citizenship of Forstech's members. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (the citizenship of a limited liability is determined by the citizenship of each of its members).

2

*See id.* ¶¶ 7–12, 22. Elechi and Okunbor are SPDC's project manager and managing director, respectively. *Id.* ¶¶ 9–10.

### 2. The Oil and Gas Processing Facility

Under an agreement between Forstech and non-party Bayelsa State (the "agreement"),[4] the latter delegated to Forstech responsibility for processing permit applications for the construction of oil and gas facilities, for which Forstech received processing fees. *Id.* ¶¶ 11, 13. As alleged, under Nigerian law and the contract with Bayelsa State, permit applicants were obligated to pay the processing fees directly to Forstech, the designated consultant. *Id.* ¶ 13.

On April 20, 2009, SPDC applied to Bayelsa State for a development permit for the construction of an oil and gas processing facility in Gbarantoru, Bayelsa. *Id.* ¶ 11. On October 16, 2009, under the agreement, Bayelsa State requested that Forstech process SPDC's application. *Id.* By June 18, 2010, SPDC had paid an initial processing fee of $1,183,765.54 directly to Forstech, leaving a balance of $58,227,778.58 in unpaid processing fees. *Id.* ¶¶ 13, 17.

On November 6, 2015, Bayelsa State notified SPDC of its legal and contractual obligations to pay Forstech directly, *id.* ¶ 15, and on July 2, 2017, Forstech demanded the remaining balance from SPDC, *id.* ¶ 16. In December 2023, rather than pay Forstech directly, SPDC instead paid Bayelsa State $21,212,121.21, which the AC alleges was a bribe. *Id.* ¶¶ 18–19. The AC alleges that, through SPDC's nonpayment of processing fees and later bribe to Bayelsa State, SPDC violated Forstech's purported rights under 28 U.S.C. § 1350 by tortiously interfering with its contractual relations with Bayelsa State. *Id.* ¶¶ 25–30.

---

[4] The AC does not specify when Forstech and Bayelsa State entered into the purported contract, or precisely what the agreement allegedly covers.

3

**B.     Procedural History**

On October 8, 2024, Forstech filed its initial complaint. Dkt. 1. On November 26, 2024, SPDC filed a motion to dismiss, Dkt. 5, and a memorandum of law in support, Dkt. 6. On December 16, 2024, Forstech filed the AC. Dkt. 10. On December 20, 2024, SPDC filed a letter stating that it would rely on its existing motion to dismiss. Dkt. 11. On January 2, 2025, Forstech opposed that motion, Dkt. 13, and on January 10, 2025, SPDC replied, Dkt. 16.

**II.    SPDC's Motion to Dismiss for Lack of Personal Jurisdiction**

SPDC moves to dismiss on several grounds. It argues, under Rule 12(b)(1), that the Court lacks subject matter jurisdiction; under Rule 12(b)(2), that the Court lacks personal jurisdiction over it; under Rule 12(b)(3), that this District is an improper forum and that this cases should be litigated in Nigeria; under Rule 12(b)(5), that Forstech failed to serve individual defendants within 90 days of the filing of the complaint; under Rule 12(b)(6), that Forstech failed to state a claim under the Alien Tort Claims Act; and under Rule 12(b)(7), that Forstech failed to join Bayelsa State—a necessary party—to the litigation. Most of these appear substantial. However, the Court need only reach one—lack of personal jurisdiction—to dispose of Forstech's AC.[5] As to that motion, the Court first reviews the general applicable legal standards, then

---

[5] The Court has discretion to dismiss for lack of personal jurisdiction before resolving a challenge to subject matter jurisdiction. *See Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 720 n.6 (2d Cir. 2013) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)); *see also Letom Mgmt. Inc. v. Centaur Gaming, LLC*, No. 17 Civ. 3793 (PAE), 2017 WL 4877426, at *8 (S.D.N.Y. Oct. 27, 2017) (dismissing for lack of personal jurisdiction without first addressing subject matter jurisdiction); *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 602 (S.D.N.Y. 2016) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits in the interests of judicial restraint and judicial economy. For example, when the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." (citation omitted)).

4

assesses SPDC's motion, including the facts relating to its contacts—or lack thereof—with the United States.

### A.     Applicable Legal Standards

#### 1.     General Principles

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi N. Am.*, Inc., 286 F.3d 81, 84 (2d Cir. 2001) (citation omitted). The plaintiff may make such a showing with "an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010). Where, as here, discovery has not yet commenced, the plaintiff need only put forth "legally sufficient allegations of jurisdiction" to survive a motion to dismiss for lack of personal jurisdiction. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013). However, "a plaintiff may not rely on 'conclusory non-fact-specific jurisdictional allegations to overcome a motion to dismiss." *Doe v. Del. State Police*, 939 F. Supp. 2d 313, 320–21 (S.D.N.Y. 2013) (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)).

Although waivable, personal jurisdiction "is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (cleaned up). "Personal jurisdiction over a foreign defendant is proper only if (1) the laws of the forum state authorize personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction would comport with the Due Process Clause of the United States Constitution." *Gleissner v. Turk Hava Yollari Anonim Ortakligi*, No. 16 Civ. 8287, 2018 WL 456296, at *3 (S.D.N.Y. Jan. 17, 2018) (citing *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014)).

5

To comport with constitutional due process principles, a plaintiff must "allege (1) that a defendant has certain minimum contacts with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013) (citation omitted). "For purposes of this initial [minimum contacts] inquiry, a distinction is made between 'specific' jurisdiction and 'general' jurisdiction." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (citation omitted). "Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contact with the forum, and general jurisdiction is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023) (citation omitted).

### 2.     **General Jurisdiction**

In New York courts, general jurisdiction is exercised pursuant to C.P.L.R § 301. *See State Farm Fire & Cas. Co. v. Swizz Style, Inc.*, 246 F. Supp. 3d 880, 887 (S.D.N.Y. 2017). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *SPV Osus*, 882 F.3d at 343 (citation omitted). "The inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," but "whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id.* (quoting *Daimler*, 571 U.S. at 122). Except in "truly 'exceptional' case[s], a corporate defendant may be

6

treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

### 3. Specific Jurisdiction

In New York, specific jurisdiction is exercised pursuant to C.P.L.R. § 302. *See Swizz Style*, 246 F. Supp. 3d at 887. It provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . [that] transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302.

For personal jurisdiction to exist under § 302(a)(1), "two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Barrett v. Tema Dev. (1988), Inc.*, 251 F. App'x 698, 700 (2d Cir. 2007) (citation omitted).

In making the § 302(a)(1) determination, courts take a holistic, totality of the circumstances approach. *See, e.g.*, *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 62 (2d Cir. 2012) (quoting *Farkas v. Farkas*, 36 A.D.3d 852, 853 (2d Dep't 2007)); *Bank Brussels Lambert*, 171 F.3d at 787. The Court's primary consideration is "the quality of the defendants' New York contacts." *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007). In a proper case, a single act within New York can satisfy the requirements of § 302(a)(1); where that is not so, "an ongoing course of conduct or relationship in the state may." *Licci*, 673 F.3d at 62. As for the due process standard, "[b]ecause CPLR 302 does not reach as far as the constitution permits, if a defendant is amenable to long-arm jurisdiction in New York, the constitutional standard is satisfied." *Vasquez v. Torres Negron*, 434 F. Supp. 2d 199, 201 (S.D.N.Y. 2006).

7

**B.      Discussion**

      **1.      General Jurisdiction**

Forstech has not established general jurisdiction over SPDC. Its AC does not allege that SPDC is a New York—or even a United States—citizen. Quite the contrary, it alleges that SPDC is incorporated and registered in Nigeria, where it developed the oil and gas processing facility that produced the fees it mistakenly sent to the Nigerian government and that Forstech seeks here. AC ¶¶ 6–7, 11. For SPDC to be subject to general jurisdiction in New York as a non-domiciliary, Forstech thus must demonstrate that SPDC's contacts with New York are so "continuous and systematic" as to render it essentially at home in the forum State. *See Daimler*, 571 U.S. at 122. Forstech falls well short of satisfying this demanding standard. Indeed, in its AC and its memorandum of law, it does not even acknowledge (let alone purport to meet) this standard. It contends instead that personal jurisdiction is proper in this District because SPDC maintains a "significant presence" in the United States as a whole by exporting 40% of its oil to the country. Pl. Opp. at 4. But whether a non-domiciliary such as SPDC is subject to general jurisdiction in New York turns on its contacts with the forum state, not the country as a whole. *See, e.g., Lockheed Martin Corp.*, 814 F.3d at 630 (general jurisdiction is a question of the totality of a party's contacts with the state); *Pablo Star*, 170 F. Supp. 3d at 606 (plaintiffs must "allege[] contacts with New York so substantial that this is the 'exceptional case' in which a corporation is 'essentially at home' in a foreign forum." (citation omitted)).

The AC falls far short of pleading facts demonstrating a connection between SPDC's export business and New York, let alone that SPDC is "essentially at home" in this state. It does not plead that SPDC is registered to do business in New York, that it holds property or bank accounts in New York, or that there it has employees based in New York. *See Stonegardens Advisory LLC v. DeepMedia.AI*, No. 24 Civ. 2178 (PAE), 2024 WL 5047628, at *5 (S.D.N.Y.

8

Dec. 9, 2024) (finding these factors significant). And it does not show that, of SPDC's oil exports to the United States, New York receives a majority—or any—of these shipments or profits. *See JDM Imp. Co. Inc. v. Shree Ramkrishna Exports Pvt., Ltd.*, No. 20 Civ. 8759, 2021 WL 5450237, at *3 (S.D.N.Y. Nov. 19, 2021) (finding 14% of a company's annual shipments to New York insufficient for general jurisdiction). At most, Forstech has demonstrated that SPDC conducts business with the United States, but it is silent as to New York. The Supreme Court in *Daimler* rejected ties to the United States as a basis for general jurisdiction. *See* 571 U.S. at 139 (prohibiting "[s]uch exorbitant exercises of all-purpose jurisdiction"); *Lockheed Martin Corp.*, 814 F.3d at 630 ("[G]iven that it is common for corporations to have presences in multiple states . . . , general jurisdiction would be quite the *opposite* of 'exceptional' if such contacts were held sufficient to render the corporation 'at home' in the state." (emphasis in original)). Forstech bears the burden to establish personal jurisdiction, and "allegations or evidence of activity constituting the basis of jurisdiction must be non-conclusory and fact-specific." *Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 290 (S.D.N.Y. 2019); *see Jazini*, 148 F.3d at 185 (requiring "factual specificity" to confer jurisdiction). Forstech has not made that showing.

Even had the AC alleged that SPDC regularly exported oil to New York—and it does not—that alone would be an insufficient basis for general jurisdiction. Indeed, courts have rejected claims of general jurisdiction based on stronger showings. *See Daimler*, 571 U.S. at 123, 138 (denying general jurisdiction over non-domiciliary despite 10% of annual sales occurring in forum state); *Shree Ramkrishna Exports*, 2021 WL 5450237, at *3 (finding international shipments alone insufficient to show defendant was "at home" in recipient state); *see also Tiffany (NJ) LLC, Tiffany & Co. v. China Merchs. Bank*, 589 F. App'x 550, 553 (2d Cir. 2014) (finding against general jurisdiction over foreign banks maintaining branches and

9

conducting business in New York); *Knight v. Standard Chartered Bank*, 531 F. Supp. 3d 755, 766 (S.D.N.Y. 2021) (same). Accordingly, this Court lacks general jurisdiction over SPDC.

### 2.      **Specific Jurisdiction**

There is also no basis for finding specific jurisdiction over SPDC in New York. To be subject to specific jurisdiction, "[t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Barrett*, 251 F. App'x at 700. Forstech's pleadings fall short of showing both elements.

First, Forstech does not allege any facts suggesting SPDC transacted business in New York. Forstech and SPDC are Nigerian companies, AC ¶¶ 4, 6, the permit application in question concerned the construction of an oil facility in Nigeria, *id.* ¶ 11, and SPDC's payment was made to Nigerian government officials, *id.* ¶ 18. And Forstech again cannot rely on SPDC's oil exports to the United States, because specific jurisdiction requires that business be transacted within the forum state. *See, e.g., Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249–50 (2d Cir. 2007) (New York courts lack specific jurisdiction over non-domiciliary defendants where claims do not arise from defendants' specific business transactions in the state); *Giannetta v. Johnson*, No. 20 Civ. 9016 (PAE), 2021 WL 2593305, at *10 (S.D.N.Y. June 24, 2021) (similar); *MTS Logistics, Inc. v. Innovative Commodities Grp., LLC*, 442 F. Supp. 3d 738, 755 (S.D.N.Y. 2020) ("[T]he acts alleged here—committed outside New York and alleged to have caused injury to a New York corporation—do not constitute tortious acts under § 302(a)(3)."). Nothing in the pleadings connects New York to Forstech's claim. *See, e.g., Sarkisian v. OpenLocker Holdings, Inc.*, 700 F. Supp. 3d 105, 110 (S.D.N.Y. 2023) (dismissing where "[t]he complaint does not allege, and plaintiffs present no evidence that suggests, that any of these events occurred in New York."); *USA ex rel. Calderon v. Bank of Am.*, No. 22 Civ. 5415, 2022 WL 17418719, at *3 (S.D.N.Y. Nov. 4, 2022) (same).

Even had Forstech alleged facts suggesting SPDC transacted business in New York, Forstech has failed to show how its claims here are linked at all to such business. *See In re Roman Catholic Diocese Inc.*, 745 F.3d 30, 38 (2d Cir. 2014) ("[S]pecific jurisdiction cases are limited to those involving issues deriving from, or connected with, the very controversy that establishes jurisdiction."). Forstech's claims, purportedly under the Alien Tort Claims Act, turn on an alleged bribe paid by SPDC, a corporation incorporated in Nigeria, to Bayelsa State, a Nigerian state government. There is no nexus between such conduct and New York.[6]

Accordingly, SPDC is not subject to specific jurisdiction in New York.

## CONCLUSION

For the foregoing reasons, the Court grants SPDC's motion to dismiss and dismisses Forstech's AC for lack of personal jurisdiction. This dismissal is without prejudice to Forstech's ability to file suit pleading a proper jurisdictional basis. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 5, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: May 19, 2025
New York, New York

---

[6] As Forstech concedes, judicial proceedings relating to this event underway in the High Court of Bayelsa State. Pl. Opp. at 3.

11